OPINION *Page 2 
{¶ 1} This Court is re-opening appellant's case in order to consider the motion filed by appellant Rozzell Woodson's to re-open his direct appeal pursuant to App. R. 26(B).
 {¶ 2} On February 19, 2008 this Court upheld appellant's conviction and sentence on one count of trafficking in cocaine, one count of possession of cocaine, and one count of having weapons under disability. See, State v. Woodson, 5th Dist. No. 2007-CA-001104,2008-Ohio-670.
 {¶ 3} App. R. 26 (B) states:
 {¶ 4} (B) Application for reopening:
 {¶ 5} (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing later.
 {¶ 6} (2) An application for reopening shall contain all of the following:
 {¶ 7} (a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;
 {¶ 8} (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
 {¶ 9} (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by *Page 3 
any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
 {¶ 10} (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 11} (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.
 {¶ 12} Our original judgment was filed on February 19, 2008, and appellant's application was filed May 9, 2008. Accordingly, appellant's application was timely filed within ninety (90) days of the journalization of our opinion in appellant's case.
 {¶ 13} In his present motion to re-open, appellant maintains he received ineffective assistance of appellate counsel on direct appeal. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 14} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether the defense was *Page 4 
actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, both trial counsel, or appellate counsel.State v. Turner, Licking App. No. 2006-CA-123, 2007-Ohio-4583; State v.Godfrey (Sept. 2, 1999), Licking App. No. 97CA0155.
 {¶ 15} Appellant bears the burden of establishing there is a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel, see, e.g. State v. Spivey 84 Ohio St. 3d 24,1998-Ohio-704, 701 NE 2d 696.
 {¶ 16} Appellant contends that her appellate counsel, on direct appeal, was ineffective for failing to raise the assignment of error of ineffective assistance of trial counsel. Appellant's arguments focus on five areas.
 {¶ 17} Appellant first contends that the verdict forms in appellant's case did not state the degree of the felonies and each element of the crimes that appellant was convicted of committing. Appellant cites R.C. 2945.75 in support of his argument.
 {¶ 18} R.C. 2945.75 provides:
 {¶ 19} "(A) When the presence of one or more additional elements makes an offense one of more serious degree:
 {¶ 20} "(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense. *Page 5 
 {¶ 21} "(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 22} In the case at bar, the jury made additional findings in the form of a written verdict form finding that the amount of crack cocaine involved in each count "equals or exceeds twenty-five grams but less than one hundred grams of crack cocaine." A separate finding was made for the trafficking charge and the possession charge for which appellant was convicted. These "additional findings" are all that is required pursuant to R.C. 2945.75 to elevate the degree of the offenses.
 {¶ 23} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 24} Appellant next argues that his appellate counsel was ineffective in failing to argue that trafficking in a controlled substance under R.C. 2925.03(A) (2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import under R.C. 2941.25(A). Accordingly, unless a defendant acts with a separate animus, the defendant may only be convicted of one of the offenses.
 {¶ 25} We note that on April 9, 2008, after our decision was issued in appellant's direct appeal, the Ohio Supreme Court held in State v.Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 681, "trafficking in a controlled substance under R.C. 2925.03(A) (2) and possession of that same controlled substance under *Page 6 
R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense necessarily results in commission of the second."[1]
 {¶ 26} Appellant's original appeal was filed June 1, 2007. To establish ineffective assistance of counsel a petitioner must show that his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney. In this case, however, the viability of the challenge that counsel failed to assert was not established at the time the appellant was sentenced. We note that in the Cabrales case, supra, the Supreme Court further held the offense of possessing a controlled substance by knowingly obtaining, possessing, or using a controlled substance, and offense of trafficking in a controlled substance by knowingly selling or offering to sell a controlled substance, are not allied offenses of similar import. Id. at ¶ 29. In fact, the Ohio Supreme Court accepted the case noting a conflict among the appellate districts. Id. at ¶ 7.
 {¶ 27} Regardless of whether other attorneys may have been filing challenges to sentencing provisions for allied offenses under R.C. 2941.25 when a defendant had been convicted of trafficking under R.C. 2925.03(A) (2) and possession under R.C. 2925.11(A), we must conclude that he cannot be found to have fallen below the standard of customary skill and diligence for failure to present what was at the time a speculative, rather than an established, challenge. Cf. State v.Williams (1991), 74 Ohio App.3d 686, 600 N.E.2d 298; Brunson v.Higgins (1983), 708 F.2d 1353. Counsel had no duty to anticipate a change in the law would occur nearly one year (1) year later. Engle v.Isaac (1982), 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783; Alvord v.Wainwright (C.A. 11, 1984), 725 F.2d 1282; Poole v. United States (C.A. 11, 1987), *Page 7 832 F.2d 561; Brunson v. Higgins (C.A. 8, 1983), 708 F.2d 1353, 1356. We further note that appellant's sentences for these counts are concurrent.
 {¶ 28} We find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *"State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 29} Appellant next contends that counsel was ineffective in not raising an assignment of error that the distinction between cocaine and crack cocaine, with significantly harsher penalties for those convicted of possessing crack cocaine, violates the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions.
 {¶ 30} In State v. Rodgers (May 21, 1998), Cuyahoga App. Nos. 72736, 72737, the Court noted, "that disparate sentencing penalties for crack and powder cocaine have been held to be constitutional by the many federal courts that have considered the issue. In particular, as noted in United States v. Gaines (6 th Cir., 1977),122 F.3d 324, the Sixth District "has rejected every constitutional challenge * * *," citing, inter alia, United States v. Lloyd (6 th
Cir., 1993), 10 F.3d 1197, 1220; United States v. Tinker
(6th Cir., 1992), 985 F.2d 241, 242; and United States v.Avant (6 th Cir., 1990), 907 F.2d 623, 627." See, alsoState v. Wilson, 156 Ohio App.3d 1, 2004-Ohio-144, 804 N.E.2d 61.
 {¶ 31} Recently, in Kimbrough v. United States(2007), 128 S.Ct. 558,169 L.Ed.2d 481 the United States Supreme Court held, "Under UnitedStates v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding the crack/powder *Page 8 
disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses."
 {¶ 32} In the case at bar, appellant was sentenced on the trafficking charge pursuant to R.C. 2925.03(c) (4) (f) for of a felony of the first degree. Pursuant to R.C. 2929.14(A) (1) the range of prison terms are 3, 4, 5, 6, 7, 8, 9, or 10 years. If the substance had been powdered cocaine instead of crack cocaine appellant would have been convicted of a felony of the third degree in violation of R.C. 2925.03(c) (4) (d). Pursuant to R.C. 2929.14(A) (3) the range of prison terms are 1, 2, 3, 4, or 5 years. The sentence for either a third degree or a first-degree felony is mandatory pursuant to the respective sections. In either a first degree felony or a third degree felony an offender could be sentenced to serve a prison term of 3, 4 or 5 years. Thus, a trial court may consider any disparity created by the crack/powder ratio in fashioning an appropriate sentence within the statutory range given the R.C. 2929.11 and R.C. 2929.12 factors.
 {¶ 33} Appellant points to nothing in the facts of his particular case that make his sentence unreasonable. As at least one federal court has noted,
 {¶ 34} "Defendant . . . points to nothing about the particular facts of his case that make his sentence unreasonable; rather, he argues that, post-Booker, the 100:1 ratio is per se unreasonable. We disagree. Defendant . . ., in effect, asks this court to not find his sentence unreasonable, as we are authorized to do by Booker, 543 U.S. at 261,125 S.Ct. 738, but rather to declare a portion of the Sentencing Guidelines unreasonable *Page 9 
under all circumstances. Were we to act upon Defendant ['s] . . . suggestion, we would essentially be exercising legislative power.Booker does not authorize this. See United States v. Wallace,458 F.3d 606, 611 (7th Cir. 2006) ("Only after computing the guidelines range using the correct 100:1 ratio does the district judge have discretion to impose a sentence that is above or below that range. . . . [Reasonableness is something that must be assessed at retail; wholesale conclusions that are nothing but disagreements with the guidelines are impermissible."). Thus, while a departure from the 100:1 ratio may well be reasonable in a particular case, applying the ratio does not, ipso facto, make a sentence unreasonable under existing case law. This is so even though we as a panel might disagree with the 100:1 ratio or the rationale for it. Because Defendant . . . has not demonstrated that the 100:1 ratio was unreasonable in his case, his challenge to his sentence on this ground must fail." United States v. Caver (6th
Cir. 2006), 470 F.3d 220, 2006 Fed app 0452P.
 {¶ 35} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 36} Appellant next argues that that his convictions are against the sufficiency of the evidence and trial and appellate counsel were ineffective for failing to argue that his convictions were based on insufficient evidence.
 {¶ 37} As we noted in appellant's appeal as of right "the cruiser video recorded appellant talking on his cell phone in the rear of the cruiser. He told an unidentified female that the officers had found the drugs and the gun. He then told her to report the car stolen."2008-Ohio-670 at ¶ 11. *Page 10 
 {¶ 38} In Ulster County Court v. Allen (1979), 442 U. S. 140,99 S.Ct. 2213, the United States Supreme Court upheld a statute which provided that the presence in an automobile, other than a public one, of a firearm "is presumptive evidence of its possession by all persons occupying such automobile at the time except (a) where the firearm is found upon the person of an occupant, (b) where the automobile is being operated for hire by a licensed operator or (c) if the weapon is a handgun and one of the occupants, not present under duress, has a license to have a handgun." Id. at 442 U. S. 142-143, 99 S.Ct. 2217. The Court noted that the presumption was not a mandatory; rather it was a permissive inference available only in certain circumstances. Further, the jury could ignore the presumption even if there was no affirmative proof offered in rebuttal by the accused. Id. at 160-162,99 S.Ct. at 2226-2227. Finally, the trial judge in Allen explained, "that possession could be actual or constructive, but that constructive possession could not exist without the intent and ability to exercise control or dominion over the weapons." Id. at 161, 99 S.Ct. at 2226.
 {¶ 39} Accordingly, sufficient evidence was presented which if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Therefore, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127,2002-Ohio-1753.
 {¶ 40} Appellant next argues that the trial court erred in imposing the remainder of his post release control time from a prior conviction. Appellant claims, 1). He was never informed he would be subject to post release control in his 1998CR0347B case, 2). The trial court failed to verify that he was properly notified that he would be subject to *Page 11 
post release control and the consequences of violating post release-control, 3). He was never advised that he would be subject to additional and consecutive time in prison if convicted of an additional offense while on post release control and, 4). the trial court improperly sentence him to the remainder of his post release control-time rather than 90 days in prison.
 {¶ 41} Appellant pled as charged in case number 1998CR0347B. He signed a written plea of guilty, which was filed with his sentencing journal entry June 3, 1998. In that document, appellant acknowledged that he was advised by his attorney and the court that 1). he was subject to a mandatory post release control after his release from prison for a maximum term of five years; 2) that should he commit another felony while under supervision he may be subject to an additional prison term of, not 90 days as he asserts, but rather the maximum period of unserved time remaining on post release control or 12 months, whichever is greater and 3) that this time must be served consecutively to the new felony. Appellant signed the plea in open court acknowledging that he understood its terms. Moreover, the trial court in the case at bar did not fail to verify that appellant had properly been informed of the consequences of violating post release control because appellant's written plea of guilty in the 1998 case was filed with the State's discovery in the instant case. Because the record reflects that appellant was properly informed of his post-release control obligations and consequences, and was sentenced to the appropriate amount of time we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v.Smith 95 Ohio St. 3d 127, 2002-Ohio-1753. *Page 12 
 {¶ 42} Appellant next argues that his trial attorney's failures to raise in the trial court the same issues and arguments that he now presents rendered his performance ineffective. Appellant offers no additional grounds not addressed in the previous arguments.
 {¶ 43} Since we have found no genuine issue in any of appellant's previous arguments, we obviously do not consider his counsel ineffective in this regard.
 {¶ 44} For the foregoing reasons, appellant's motion to re-open his appeal is hereby DENIED.
 By Gwin, P.J., Wise, J., and Edwards, J., concur *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's motion to re-open his appeal is hereby DENIED. Costs to appellant.
[1] We note neither the appellant nor the State has referenced the Supreme Court's decision in State v. Cabrales in their respective motion or response. *Page 1