OPINION *Page 2 
{¶ 1} On December 17, 2007, the Stark County Grand Jury indicted appellant, Michael Demree, on two counts of possession of cocaine in violation of R.C. 2925.11. One count alleged crack cocaine and the other alleged powder cocaine.
 {¶ 2} On March 19, 2008, appellant filed a motion to dismiss or amend the charge of possession of crack cocaine, arguing disparities in felony levels and potential sentences between possession of crack cocaine versus possession of powder cocaine were unconstitutional. By disposition sheet filed April 16, 2008, the trial court denied the motion.
 {¶ 3} On April 16, 2008, appellant pled no contest. By judgment entry filed April 22, 2008, the trial court found appellant guilty as charged and sentenced him to an aggregate term of one year in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION TO DISMISS, THEREBY DENYING HIS CONSTITUTIONAL RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THE UNITED STATES CONSTITUTION AND AS RECOGNIZED IN THE HOLDINGS SET FORTH IN KIMBROUGH V. UNITED STATES, WHICH RECOGNIZES THAT THERE IS NO LOGICAL OR LEGAL BASIS FOR THE DISPARITY OF CHARGES AND SENTENCINGS BETWEEN CRACK AND POWDER COCAINE OFFENSES." *Page 3 
 I {¶ 6} Appellant claims the trial court erred in denying his motion to dismiss premised on the argument that the disparities in felony levels and potential sentences between possession of crack cocaine versus possession of powder cocaine are unconstitutional. We disagree.
 {¶ 7} In State v. Woodson, Stark App. No. 2007CA00151, 2008-Ohio-3519, this court examined this exact issue. In Woodson at ¶ 30-31, this court held the following:
 {¶ 8} "In State v. Rodgers (May 21, 1998), Cuyahoga App. Nos. 72736, 72737, the Court noted, `that disparate sentencing penalties for crack and powder cocaine have been held to be constitutional by the many federal courts that have considered the issue. In particular, as noted in United States v. Gaines (6 th Cir., 1977),122 F.3d 324, the Sixth District `has rejected every constitutional challenge * * *,' citing, inter alia, United States v. Lloyd (6 th
Cir., 1993), 10 F.3d 1197, 1220; United States v. Tinker
(6th Cir., 1992), 985 F.2d 241, 242; and United States v.Avant (6 th Cir., 1990), 907 F.2d 623, 627.' See, alsoState v. Wilson, 156 Ohio App.3d 1, 2004-Ohio-144, 804 N.E.2d 61.
 {¶ 9} "Recently, in Kimbrough v. United States(2007), 128 S.Ct. 558,169 L.Ed.2d 481 the United States Supreme Court held, `Under UnitedStates v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is `greater than necessary' to serve the *Page 4 
objectives of sentencing, § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses.'
 {¶ 10} In the case sub judice, appellant was found guilty of two counts of possession of cocaine, one crack cocaine, a felony in the third degree, and the other powder cocaine, a felony in the fourth degree. A felony in the third degree is punishable by "one, two, three, four, or five years." R.C. 2929.14(A)(3). A felony in the fourth degree is punishable by "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). Appellant was sentenced to one year on each count, to be served concurrently.[1] There is no evidence to suggest the sentence was unreasonable.
 {¶ 11} Based upon this court's decision in Woodson, the sole assignment of error is denied. *Page 5 
 {¶ l2} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 By Farmer, P.J. Gwin, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] Although the April 22, 2008 judgment entry on sentencing is silent as to the concurrent nature of the sentences, the state acknowledges in its appellate brief at 8 that the sentences are "to be served concurrently." *Page 1