THE STATE OF OHIO, APPELLEE, *v.* THRASH, APPELLANT.

(No. 7608—Decided November 24, 1952.)

*Mr. C. Watson Hover,* prosecuting attorney, *Mr. Robert N. Ziegler* and *Mr. Raymond E. Shannon,* for appellee.

*Mr. A. Bruce McClure* and *Mr. Robert F. Groneman,* for appellant.

*Per Curiam.* The defendant, appellant herein, was indicted for and convicted of manslaughter. On defendant's demand, the state filed a bill of particulars and later an amended bill of particulars, in which it was set forth that the defendant unlawfully killed one Mary Green while in the act of violating two criminal statutes, to wit, Sections 12512 and 6064-54, General Code.

Section 12512, General Code, makes it a crime to intermeddle maliciously and without the owner's consent with the pipes and equipment used by another in the transmission of gas.

Section 6064-54, General Code, makes it an offense to manufacture intoxicating liquor without a permit to do so.

The evidence is abundant that the defendant did maliciously intermeddle with a gas valve or meter belonging to The Cincinnati Gas & Electric Company, knowing that a service pipe had corroded and that gas when turned on escaped from the pipe into a building. His act resulted in an explosion, causing the death of Mary Green and seriously injuring several others.

It is urged that Section 12512, General Code, being in that division of the Criminal Code headed, "Offenses pertaining to property," is not the kind of a statute, the violation of which will furnish the unlawful act necessary to make an unintentional homicide manslaughter. While the offenses catalogued and defined under that heading relate or pertain to property, nevertheless, they involve the safety of the public and their violation may result in personal injury or death.

It requires very little reflection to conclude that the escape of gas is a menace to the safety of persons in the vicinity. What happened in this instance was to be reasonably anticipated as the direct result of the tampering with this equipment under the circumstances.

It is urged that the making of intoxicating liquor had nothing to do with this explosion and that the incorporation of that offense into the bill of particulars and allowing evidence to be introduced on the subject, although later excluded, was prejudicial.

There was evidence that at the time the defendant had equipment that could be used for making intoxicating liquor in the room to which this gas pipe led.

The defendant also took the witness stand and admitted that with knowledge that the pipe leaked he turned on the gas. He was subject to impeachment on cross-examination by evidence of his prior convictions of crime. Under all the circumstances, we are of the opinion that no error prejudicial to the defendant was committed.

By Section 13449-5, General Code, it is provided that no conviction shall be reversed "for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.