OPINION *Page 2 
{¶ 1} Defendant Damien M. Turner appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which sentenced him for one count of attempted murder, and one count of felonious assault, with firearm specifications. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN THE SENTENCE IMPOSED ON TURNER AFTER THE REMAND OF HIS CASE PURSUANT TO STATE V. FOSTER."
 {¶ 3} Appellant was convicted on September 2, 2005, following a jury trial. He appealed to this court, and in State v. Turner,168 Ohio App. 3d 176, 2006-Ohio-3786, 858 N.E. 2d 1249, this court remanded his case for re-sentencing pursuant to the Ohio Supreme Court's holding inState v. Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470. On August 21, 2006, the trial court held a second sentencing hearing.
 {¶ 4} At the hearing on remand, appellant, his counsel and the assistant prosecutor addressed the court. Appellant's counsel requested the court sentence appellant to the minimum sentence. Counsel informed the court appellant suffers from bi-polar disorder, and presented a letter from appellant's treating physician. Appellant expressed his remorse. Appellant stated his actions were not pre-meditated, and the entire incident was a "fluke". Appellant told the trial court he is pursuing medical and counseling treatment, including anger management counseling, and taking medication.
 {¶ 5} The assistant prosecutor addressed the court, reminding it appellant had pled not guilty by reason of insanity, and any issue of competency had been resolved.
 {¶ 6} The court noted it could impose a greater sentence than it had originally, but found it appropriate to give appellant to the same sentence he received the first *Page 3 
time. The court sentenced appellant to nine years on the attempted murder, and seven years on the felonious assault. The court merged the firearm specifications and sentenced appellant to three years for the gun specification, all to run consecutively.
 {¶ 7} On appeal, appellant urges the trial court abused its discretion in imposing more than the minimum sentence available, and in ordering the sentences run consecutively. Appellant argues the trial court failed to give proper weight to the mitigating factors in this case, as required by R.C. 2929.12. Appellant argues the trial court's decision to sentence him to more than the minimum and to run the sentences concurrently violates his right to a sentence based on an "objective consideration of the particularized circumstances of the individual offense and the individual offender." Miller v. Florida, (1983), 459 U.S. 1158.
 {¶ 8} Appellee responds this court cannot properly review the matter because the pre-sentence investigation report was not made a part the record on appeal, and as such, the record is incomplete, see State v.Untied (March 5, 1998), Muskingum App. No. CT97-0018. InUntied, this court found when portions of the transcript necessary to resolve issues are not a part of the record, we must presume the regularity in the trial court proceeds and affirm, Untied, supra, at 7, citing Knapp v. Edwards Laboratories (1980), 61 Ohio St. 2d 197,400 N.E. 2d 384.
 {¶ 9} In the judgment entry on re-sentencing, the court found it had received a pre-sentence investigation, and afforded counsel an opportunity to speak on behalf of the appellant. The court found it had addressed the appellant personally, affording him an opportunity to make a statement and present evidence in mitigation. The court found it had considered the record, oral statements, and pre-sentence investigation, and *Page 4 
considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors pursuant to R.C.2929.12. The court found minimum sentences were inadequate, and consecutive sentences were appropriate given the seriousness of the crime and the relationship between appellant and the victim, who suffered serious physical and psychological harm.
 {¶ 10} Because the record before us is incomplete, this court must presume the regularity of the trial court proceedings. Based upon the transcript of the re-sentencing hearing and the judgment entry, this court cannot find the trial court abused its discretion or violated appellant's constitutional rights.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur
 JUDGMENT ENTRY *Page 5 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant. *Page 1