OPINION *Page 2 
{¶ 1} On September 29, 2005, appellant, Damien Turner, was convicted of attempted murder in violation of R.C. 2903.02/2923.02 and felonious assault in violation of R.C. 2903.11. Appellant was also convicted of firearm specifications. By judgment entry filed September 29, 2005, the trial court sentenced appellant to an aggregate term of nineteen years in prison. Appellant appealed his convictions and sentence to this court.
 {¶ 2} On May 31, 2006, appellant filed a motion for postconviction relief, claiming ineffective assistance of counsel. Appellant alleged his trial counsel "demonstrated an actual conflict of interest" by failing to contact and subpoena witnesses for the defense. On June 2, 2006, appellant filed amendments to his postconviction motion, arguing speedy trial rights. By judgment entry filed July 5, 2006, the trial court denied the motion.
 {¶ 3} On July 21, 2006, this court affirmed appellant's convictions, but reversed the sentence in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See, State v. Turner, 168 Ohio St.3d 176, 2006-Ohio-3786. The case was remanded to the trial court for resentencing. On August 21, 2006, the trial court resentenced appellant to nineteen years in prison. Appellant appealed his resentence. This court again affirmed his sentence. State v. Turner, Licking App. No. 2006-CA-123, 2007-Ohio-1961.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows: *Page 3 
 I {¶ 5} "INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, COUNSEL DEMONSTRATED AN ACTUAL CONFLICT OF INTEREST, VIOLATING APPELLANT SIXTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AND APPELLANT'S DUE PROCESS, LIBERTY INTEREST."
 I {¶ 6} Appellant claims the trial court erred in denying his motion for postconviction relief based upon ineffective assistance of counsel. We disagree.
 {¶ 7} Petitions for postconviction relief are governed by R.C.2953.21. Pursuant to subsection (A)(2), a petition must be filed within a statutorily prescribed period:
 {¶ 8} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.* * *"
 {¶ 9} R.C. 2953.23 provides the following:
 {¶ 10} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies: *Page 4 
 {¶ 11} "(1) Both of the following apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 14} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed * * * and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *."
 {¶ 15} In this case, appellant filed his petition for postconviction relief one day late. See, State's Motion for Judgment on the Pleadings, Fourth Defense, filed June 6, 2006. Pursuant to R.C. 2953.23(A), "a court may not entertain a petition filed after the expiration of the period" set forth in R.C. 2953.21 unless the provisions of R.C.2953.23(A)(1) or (2) have been met. (Emphasis added.) Subsection (A)(2) does not apply sub judice, so we will review the filing of this petition under (A)(1).
 {¶ l61 As cited supra, subsection (A)(1) has two parts, and appellant must meet both of them. In his petition for postconviction relief, appellant argues his trial counsel *Page 5 
was ineffective for failing to contact and subpoena witnesses for the defense and failing to object to speedy trial violations. All of the information as to these two claims was available to appellant during the course of his trial. Appellant has not demonstrated that he was unavoidably prevented from discovering the facts on his two claims or that subsequent to the period prescribed in R.C. 2953.21(A)(2), the United States Supreme Court created a new federal or state right that would apply retroactively to him and his two claims were based on said right. Because appellant did not meet the first prong of subsection (A)(1) his petition was not timely filed pursuant to R.C. 2953.21(A)(2) and R.C. 2953.23(A).
 {¶ 17} Additionally, appellant's claims are barred by the doctrine of res judicata because appellant could have raised both of them on direct appeal. Pursuant to the doctrine, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. State v. Dulling (1970), 21 Ohio St.2d 13. The doctrine of res judicata is available in all postconviction relief proceedings. State v. Szefcyk (1996), 77 Ohio St.3d 93.
 {¶ 18} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 19} The sole assignment of error is denied. *Page 6 
 {¶ 20} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY *Page 7 
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1