OPINION *Page 2 
{¶ 1} We are reopening this case because appellant Damien M. Turner has filed a motion to re-open his direct appeal pursuant to App.R. 26(B). The appellee State of Ohio did not file a response.
 {¶ 2} This Court upheld appellant's convictions for attempted murder in violation of R.C. 2903.02/2923.02 and felonious assault in violation of R.C. 2903.11. Appellant was also convicted of firearm specifications. This court affirmed appellant's convictions, but reversed the sentence in light of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See,State v. Turner, 168 Ohio App.3d 176, 2006-Ohio-3786. The case was remanded to the trial court for re-sentencing. On August 21, 2006, the trial court re-sentenced appellant to nineteen years in prison. Appellant appealed after re-sentencing arguing that the trial court erred in sentencing him to more than the minimum and consecutive sentences. This court affirmed his sentence. See, State v. Turner, Licking App. No. 2006-CA-123, 2007-Ohio-1961.
 {¶ 3} On May 31, 2006, appellant filed a motion for post conviction relief, claiming ineffective assistance of counsel. By judgment entry filed July 5, 2006, the trial court denied the motion. This court affirmed the trial court's decision. See, State v. Turner, Fifth Dist. No. 2006-CA-123, 2007-Ohio-1961.
 {¶ 4} App. R. 26 (B) states:
 {¶ 5} "(B) Application for reopening:
 {¶ 6} "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court *Page 3 
of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 {¶ 7} "(2) An application for reopening shall contain all of the following:
 {¶ 8} "(a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;
 {¶ 9} "(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
 {¶ 10} "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
 {¶ 11} "(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 12} "(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies".
 {¶ 13} Our original judgment was filed on July 21, 2006, and appellant's application was filed July 25, 2007. Accordingly, appellant's application was not timely filed within ninety (90) days of the journalization of our opinion in appellant's case. Appellant cites no reason for the delayed filing, but argues that the ninety day time period did not begin to run until the announcement on April 23, 2007 of our decision *Page 4 
concerning his appeal of his sentence after re-sentencing. See,State v. Turner, Licking App. No. 2006-CA-123, 2007-Ohio-1961.
 {¶ 14} Even if we were to review the merits of appellant's claim, we would find no basis in appellant's argument.
 {¶ 15} In his present motion to re-open, appellant maintains he received ineffective assistance of appellate counsel on direct appeal. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 16} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel. 1999 WL 770253, State v. Godfrey, (Ohio App. 5 Dist. 1999) 1999 WL 770253 *1. *Page 5 
 {¶ 17} Appellant bears the burden of establishing there is a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel, see, e.g. State v. Spivey, 84 Ohio St. 3d 24,1998-Ohio-704, 701 NE 2d 696.
 {¶ 18} Appellant first contends that his appellate counsel, on direct appeal, was ineffective for failing to raise the assignment of error of that the State presented what appellant characterizes as "perjured" testimony that the victim received stab wounds to her left arm.
 {¶ 19} A review of the transcript of appellant's jury trial reveals that the appellant testified at trial as follows:
 {¶ 20} "Q. As you recall, what was going through your mind at this time? Did you have a purpose or an intent to stab her?
 {¶ 21} "A. Yeah, I had an intent to stab her. I was fucking pissed, you know, I'll admit that. I mean, I've never been that mad before in my whole life, I mean. I don't even think — I don't know, just frustrated, mad, I mean, there was a lot of animosity at that point in time, you know what I mean, that, I mean, I was expressing, I guess, I don't know. So, yeah, I had an intent to stab her". [3T. at 561].
 {¶ 22} Appellant's defense to the attempted murder charge was that he was not trying to kill her; his defense to the felonious assault charge was that he was acting under extreme provocation brought on by the victim. Accordingly, whether the victim had stab wounds on her left side is ultimately inconsequential in light of appellant's admission during trial that he did in fact intend to stab the victim. The jury heard the evidence and appellant's defenses. *Page 6 
 {¶ 23} In the case at bar, the jury was free to accept or reject any and all of the evidence offered by the appellant and assess the witness' credibility. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v.Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citingState v. Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.; State v.Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v.Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096.
 {¶ 24} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith, 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 25} Appellant next contends that his convictions for attempted murder and felonious assault violate double jeopardy.
 {¶ 26} We first note that in State v. Barnes (2002), 94 Ohio St.3d 21,759 N.E.2d 1240, 2002-Ohio-68, the Ohio Supreme Court held that felonious assault with a deadly weapon is not a lesser included offense of attempted murder; a defendant may commit an attempted murder without use of a weapon and, thus, may commit the greater offense without committing the lesser one.
 {¶ 27} The federal and state constitutions' double jeopardy protection guards citizens against cumulative punishments for the "same offense."State v. Moss (1982), 69 Ohio St. 2d 515, 518. Despite such constitutional protection, a state legislature may impose cumulative punishments for crimes that constitute the "same offense" without violating double jeopardy protections. State v. Rance (1999),85 Ohio St.3d 632, 635, citing Albernaz v. United States (1981), 450 U.S. 333,344. Under the "cumulative *Page 7 
punishment" prong, double jeopardy protections do "no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter (1983), 459 U.S. 359, 366. When a legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes, the legislature's expressed intent is dispositive. Rance, at 635. Therefore, when determining the constitutionality of imposing multiple punishments against a criminal defendant in one criminal proceeding for criminal activity emanating from one transaction, appellate courts are limited to assuring that the trial court did not exceed the sentencing authority the legislature granted to the judiciary. Moss, at 518, citing Brown v.Ohio (1977), 432 U.S. 161. The trial court's authority to impose multiple punishments for conduct constituting both attempted murder and felonious assault is contained in Ohio's multi-count statute, R.C.2941.25.
 {¶ 28} This Court has rejected similar challenges. In State v.Myers, Fifth District No. 01-CA-5, 2002-Ohio-253, this Court found the elements of attempted murder and felonious assault do not meet the requirements of State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699
and for this reason the offenses are not allied offenses of similar import. Accordingly, attempted murder and felonious assault "do not merge for the purposes of sentencing under R.C. 2941.25. State v.Hall, 10th Dist. No. 05AP-957, 2006-Ohio-2742. Accordingly, the convictions and sentences do not violate double jeopardy.
 {¶ 29} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith, 95 Ohio St. 3d 127, 2002-Ohio-1753. *Page 8 
 {¶ 30} For the foregoing reasons, appellant's motion to re-open his appeal is hereby DENIED.
 {¶ 31} IT IS SO ORDERED.
 Gwin, P.J., Hoffman, J., and Farmer, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's motion to re-open his appeal is hereby denied. Costs to appellant. *Page 1