OPINION *Page 2 
{¶ 1} This Court is re-opening appellant's case in order to consider the motion filed by appellant Armone Tiras Provens to re-open his direct appeal pursuant to App. R. 26(B).
 {¶ 2} On April 14, 2008, this Court upheld appellant's conviction and sentence on one count of reckless homicide with a firearm specification. See, State v. Provens, 5th Dist. No. 2007-CA-00034.
 {¶ 3} App. R. 26 (B) states:
 {¶ 4} (B) Application for reopening:
 {¶ 5} (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing later.
 {¶ 6} (2) An application for reopening shall contain all of the following:
 {¶ 7} (a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;
 {¶ 8} (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
 {¶ 9} (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation; *Page 3 
 {¶ 10} (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 11} (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.
 {¶ 12} Our original judgment was filed on April 14, 2008, and appellant's application was filed June 5, 2008. Accordingly, appellant's application was timely filed within ninety (90) days of the journalization of our opinion in appellant's case.
 {¶ 13} In his present motion to re-open, appellant maintains he received ineffective assistance of appellate counsel on direct appeal. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 14} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that *Page 4 
but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, both trial counsel, or appellate counsel. State v. Turner, Licking App. No. 2006-CA-123, 2007-Ohio-4583;State v. Godfrey (Sept. 2, 1999), Licking App. No. 97CA0155.
 {¶ 15} Appellant bears the burden of establishing there is a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel, see, e.g. State v. Spivey 84 Ohio St. 3d 24,1998-Ohio-704, 701 NE 2d 696.
 {¶ 16} Appellant contends that his appellate counsel, on direct appeal, was ineffective for failing to raise the assignment of error of ineffective assistance of trial counsel. Appellant raises only one assignment of error that, in turn, focuses on seven areas, and provides separate assertions for each that all involve the ineffectiveness of his trial counsel. In essence, appellant argues in his assignments of error that his counsel failed to investigate and pursue defenses that would have resulted in his acquittal. We shall address the arguments together.
 {¶ 17} Appellant first contends that trial counsel failed to impeach a witness with a prior conviction for falsification.
 {¶ 18} The evidence of appellant's guilt introduced at trial was such that there is no reasonable possibility that, if the jury had been informed of the specific nature of Ms. Horton's prior offenses that they would not have found him guilty of any of the charges that they did. As no prejudice occurred from the failure to impeach Ms. Horton, counsel was not ineffective. Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127,2002-Ohio-1753. *Page 5 
 {¶ 19} Appellant next argues that his trial counsel was ineffective because he argued in part that the bullet that had struck the victim had ricocheted and counsel failed to investigate evidence of a ricocheting bullet before presenting that defense at trial.
 {¶ 20} A decision regarding which defense to pursue at trial is a matter of trial strategy "within the exclusive province of defense counsel to make after consultation with his client." State v.Murphy, 91 Ohio St. 3d 516, 524, 2001-Ohio-0112. This court can only find that counsel's performance regarding matters of trial strategy is deficient if counsel's strategy was so "outside the realm of legitimate trial strategy so as `to make ordinary counsel scoff."' State v.Woullard, 158 Ohio App.3d 31, 813 N.E.2d 964, 2004-Ohio-3395, ¶ 39, quoting State v. Yarber (1995), 102 Ohio App. 3d 185, 188,656 N.E.2d 1322. Further, the Ohio Supreme Court has recognized that if counsel, for strategic reasons, decides not to pursue every possible trial strategy, defendant is not denied effective assistance of counsel.State v. Brown (1988), 38 Ohio St. 3d 305, 319, 528 N.E.2d 523. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. State v. Clayton
(1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189, citing People v.Miller (1972), 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089;State v. Wiley, 10th Dist. No. 03AP-340, 2004-Ohio-1008
at ¶ 21.
 {¶ 21} The record does not show that counsel either performed deficiently or prejudiced appellant by arguing a ricochet bullet defense. State v. Campbell (2000), 90 Ohio St. 3d 320, 338,738 N.E.2d 1178, 1199. Under the circumstances, defense counsel's decision to argue a ricochet bullet falls within reasonable professional *Page 6 
judgment and trial strategy. We further note that based on the evidence presented, we cannot conclude that counsel's performance fell below an objective standard of reasonableness. We conclude appellant cannot establish that he was prejudiced by defense counsel's performance. There is no evidence that indicates the result of the trial was unreliable or the proceeding was fundamentally unfair because of defense counsel's performance.
 {¶ 22} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith, 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 23} In sub-part three, four and seven of his assignment of error, appellant's arguments concern the x-ray of the victim's wound before the removal of the bullet. The evidence of appellant's guilt introduced at trial was such that there is no reasonable possibility that, if the jury had been shown the x-ray of the bullet that they would not have found him guilty of any of the charges that they did.
 {¶ 24} Criminal liability is predicated upon two components: the voluntary commission of a prohibited act and the requisite mental culpability or mens rea required for the offense. R .C. 2901.21. Accident is not an affirmative defense. State v. Poole (1973),33 Ohio St. 2d 18, 294 N.E.2d 888. Rather, it is a factual defense that denies that the accused acted with the degree of culpability or mens rea required for the offense, when that involves purposeful conduct.State v. Bayes (Dec. 29, 2000), Clark App. No. 00CA0032. By raising the defense of accident, defendant denies that the act was intentional or purposeful. State v. Fears, 86 Ohio St.3d 329, 715 N.E.2d 136,1999-Ohio-111. *Page 7 
 {¶ 25} Accident is defined as a "mere physical happening or event, out of the usual order of things and not reasonably (anticipated) (foreseen) as a natural or probable result of a lawful act." 4 Ohio Jury Instructions 75, Section 411.01(2). Moreover, "[a]n accidental result is one that occurs unintentionally and without any design or purpose to bring it about." Id.
 {¶ 26} A homicide is not excusable on the basis of accident unless it appears from the evidence that at the time of the killing the offender was acting in a lawful manner and without negligence. In re Jackson
(1975) 45 Ohio App. 2d 243, 344 N.E. 2d 162; State v. Palmer (Dec. 27, 1988], Franklin App. No. 87AP-1124. A person causing the death of another while engaged in unlawful activity is criminally responsible even if the firearm discharges accidentally, State v. Thrash (1952),93 Ohio App. 458, 113 N.E.2d 675; State v. Jones, 5th Dist. No. 2005-CA-00076, 2006-Ohio-271 at ¶ 45.
 {¶ 27} In our decision regarding appellant's direct appeal, we noted:
 {¶ 28} "The jury was presented with conflicting evidence. One version had the appellant intentionally firing the gun directly at Mr. Grimes; the other version had appellant firing at the ground. Appellant contended that he fired the gun toward the ground to scare Mr. Grimes . . . Evidence that the defendant did not appear to be aiming his weapon at any specific person could support an inference that the defendant fired randomly or aimlessly to support a jury verdict finding the defendant guilty of reckless homicide instead of murder. State v.Wright, supra at ¶ 34. (Citing Young v. Indiana (Ind. 1998),699 N.E. 2d 252). We find that, even when construing all the evidence in appellant's favor, his act of firing a weapon in close proximity to the decedent and several other individuals demonstrated at a minimum a perverse disregard of a known *Page 8 
risk that someone would be shot and killed as a result. Given the factsof this case, we believe that a jury might reasonably conclude thatappellant did not intend to shoot Eric Grimes; however, appellantperversely disregarded a known risk that someone would be shot andkilled as a result of his firing the weapon into the ground in thevicinity of several people. "State v. Provens, 5th Dist. No. 2007-CA-00034 at ¶ 28-30. [Emphasis added]. The jury convicted appellant of reckless homicide; the jury did not convict appellant of murder. Accordingly, evidence that the bullet was deformed would be consistent with the finding by the jury that appellant did not intend to shoot the victim, rather he perversely disregarded a known risk that did not change the result that someone would be shot and killed as a resultof his firing the weapon into the ground in the vicinity of severalpeople. In other words had the jury been shown the x-ray the result would not be different, appellant would still be found guilty of reckless homicide.
 {¶ 29} "A fundamental premise of our criminal trial system is that `the jury is the lie detector.' United States v. Barnard, 490 F.2d 907,912 (C.A.9 1973) (emphasis added), cert. denied, 416 U.S. 959,94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the `part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' Aetna Life Ins. Co. v. Ward, 140 U.S. 76, 88,11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891)". United States v. Scheffer
(1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267.
 {¶ 30} Although appellant cross-examined the witnesses and argued that the victim's injuries were the result of a ricocheted bullet, the weight to be given to the *Page 9 
evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 31} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964),176 Ohio St. 61, 67, 197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992),79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991),61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 32} After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the conviction. The jury did not create a manifest injustice by concluding that appellant was guilty of the crime charged in the indictment.
 {¶ 33} There is no evidence that indicates the result of the trial was unreliable or the proceeding was fundamentally unfair because of defense counsel's performance with respect to the x-ray evidence. *Page 10 
 {¶ 34} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 35} In his fourth sub-part appellant argues that he received ineffective assistance of trial counsel because trial counsel failed to subpoena a witness on his behalf. Nothing in the record indicates the identity of the purported witness. Further, decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Coulter (1992), 75 Ohio App. 3d 219, 230,598 N.E.2d 1324. Therefore, a failure to subpoena witnesses for trial is not a substantial violation of defense counsel's essential duty so as to be ineffective assistance, absent a showing of prejudice. Id. See also,State v. James (Jan. 20, 1998), 5th Dist. No. 1997CA00075; State v. Woullard, 2nd Dist. No. 2003CA54,2004-Ohio-3395 at ¶ 65. In the case sub judice, appellant has not demonstrated that defense counsel's failure to subpoena witnesses he claims would have assisted his defense would have changed the result of the proceedings.
 {¶ 36} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753. *Page 11 
 {¶ 37} For the foregoing reasons, appellant's motion to re-open his appeal is hereby denied. By Gwin, P.J., Wise, J., and Edwards, J., concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's motion to re-open his appeal is hereby denied. Costs to appellant. *Page 1