[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 127.]

THE STATE OF OHIO, APPELLEE, *v*. SMITH, APPELLANT.

[Cite as *State v. Smith*, 2002-Ohio-1753.]

*Appellate procedure—Application to reopen appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to raise a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal as required by App.R. 26(B)(5).*

(No. 2001-1540—Submitted January 8, 2002—Decided May 1, 2002.)

APPEAL from the Court of Appeals for Lorain County, No. 96CA006331.

_____

**Per Curiam.**

{¶1} Appellant, Raymond A. Smith, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶2} Smith was convicted of the aggravated murder of Ronald Lally and sentenced to death. Upon appeal, the court of appeals affirmed the conviction and death sentence. *State v. Smith* (Mar. 25, 1998), Lorain App. No. 96CA006331, 1998 WL 158966. We also affirmed his conviction and sentence on January 5, 2000. *State v. Smith* (2000), 87 Ohio St.3d 424, 721 N.E.2d 93.

{¶3} Soon afterwards, the court of appeals affirmed the trial court's decision to deny Smith's petition for postconviction relief. *State v. Smith* (Mar. 15, 2000), Lorain App. No. 98CA007169, 2000 WL 277912. We refused to accept Smith's appeal of that decision. *State v. Smith* (2000), 89 Ohio St.3d 1453, 731 N.E.2d 1140.

{¶4} On July 17, 2001, appellant filed a *pro se* application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992),

63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel in his direct appeal.

**{¶5}** In denying appellant's application for reopening, the court of appeals essentially found that Smith had failed to show good cause for filing his application more than ninety days after that court's judgment was journalized, as required by App.R. 26(B)(2)(b). *State v. Smith* (Aug. 2, 2001), Lorain App. No. 96CA006331. We then denied Smith's motion for appointment of counsel to represent him in his application for reopening pursuant to App.R. 26(B) on September 26, 2001. *State v. Smith* (2001), 93 Ohio St.3d 1432, 755 N.E.2d 355. The cause is now before this court upon an appeal as of right.

**{¶6}** We affirm the judgment of the court of appeals, albeit for different reasons. The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Smith has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5). See *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696. To show ineffective assistance, Smith must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.

**{¶7}** Moreover, to justify reopening his appeal, Smith "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey,* 84 Ohio St.3d at 25, 701 N.E.2d 696.

**{¶8}** *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674; and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.

Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; *State v. Sanders* (2002), 94 Ohio St.3d 150, 761 N.E.2d 18.

{¶9} We have reviewed appellant's four propositions of law alleging, inter alia, deficient performance by appellate counsel. We rejected several of these same arguments on Smith's appeal before this court. See *State v. Smith*, 87 Ohio St.3d 424, 721 N.E.2d 93. In any case, however, in none of the four propositions of law has Smith raised "a *genuine issue* as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5). (Emphasis added.)

{¶10} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Gregory A. White, Lorain County Prosecuting Attorney, and Jonathan E. Rosenbaum, Assistant Prosecuting Attorney, for appellee.

Raymond A. Smith, pro se.

_____