JOURNAL ENTRY AND OPINION
{¶ 1} Andre Taylor, the applicant, has filed an application for reopening pursuant to App.R. 26(B). Taylor is attempting to reopen the appellate judgment that was rendered by this court in State v. Taylor
(Jan. 10, 2002), Cuyahoga App. No. 79274, 2002-Ohio-7, which affirmed his conviction for the offense of murder with a firearm specification and vacated the conviction for having weapons while under disability. For the following reasons, we decline to reopen Taylor's appeal.
 {¶ 2} As required by App.R. 26(B)(2)(b), Taylor must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment which is subject to reopening." See, also, State v. Cooey (1995),73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick (1995),72 Ohio St.3d 88, 647 N.E.2d 784. In the case sub judice, Taylor is attempting to reopen the appellate judgment that was journalized on January 22, 2002. Taylor's application for reopening, however, was not filed until February 22, 2003, more than ninety days after journalization of the appellate judgment, which affirmed his conviction for the offense of aggravated murder with a firearm specification. Taylor has failed to demonstrate "a showing of good cause" for the untimely filing of his application for reopening. Thus, Taylor's application for reopening is fatally defective and must be summarily denied. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481,634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 317.
 {¶ 3} Notwithstanding the fact that Taylor's application for reopening is untimely filed, a review of his brief fails to support the claim of ineffective assistance of appellate counsel.
 {¶ 4} The Supreme Court of Ohio, in State v. Smith,95 Ohio St.3d 127, 766 N.E.2d 588, 2002-Ohio-1753, has once again examined the standards that must be applied to an application for reopening as brought pursuant to App.R. 26(B). In Smith, the Supreme Court of Ohio specifically held that: "Moreover, to justify reopening his appeal, Smith `bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.'" State v. Spivey,84 Ohio St.3d at 25, 701, N.E.2d 696. "Strickland charges us to `appl[y] a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S.Ct. 2052,80 L.Ed.2d 674, and to `indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' Id. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes
(1983), 463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987; State v. Sanders
(2002), 94 Ohio St.3d 150, 761 N.E.2d 18." State v. Smith,95 Ohio St.3d 127, 766 N.E.2d 588, 2002-Ohio-1753, at 7.
 {¶ 5} Herein, Taylor has raised four separate proposed assignment of error in support of his claim of ineffective assistance of appellate counsel. Specifically, Taylor argues that if appellate counsel had raised the four proposed assignments of error, his conviction for the offense of murder with a firearm specification would have been reversed.
 {¶ 6} Taylor's initial proposed assignment of error is that: Defendant was denied due process of law when the prosecutor vouched for the credibility of witnesses.
 {¶ 7} Taylor, through his initial proposed assignments of error, argues that the comments of the prosecutor during closing argument resulted in prosecutorial misconduct which prejudiced the outcome of his trial. Specifically, Taylor argues that absent the improper comments of the prosecutor, the jury would not have returned a verdict of guilty with regard to the offense of murder.
 {¶ 8} The Supreme Court of Ohio, in State v. Lott (1991),51 Ohio St.3d 160, 555 N.E.2d 293, examined the issue of prosecutorial misconduct during closing argument and held that: "The test for prosecutorial misconduct is whether remarks are improper and, if so, whether they prejudicially affected substantial rights of the accused.State v. Smith (1984), 14 Ohio St.3d 13, 14-15, 14 OBR 317, 318-319,470 N.E.2d 883, 885-886; United States v. Dorr (C.A.5, 1981), 608 F.2d 659,663. `* * * [T]he prosecution is entitled to a certain degree of latitude in summation, * * *.' State v. Liberatore (1982),69 Ohio St.2d 583, 589, 23 O.O.3d 489, 493, 433 N.E.2d 561, 566." Id., at 165-166.
 {¶ 9} Any comments, as made by the prosecutor during closing argument, must be considered harmless in light of the overwhelming evidence of Taylor's guilt. As previously found by this court upon review of the direct appeal, the evidence presented at trial clearly was sufficient to support Taylor's conviction for murder and was not against the manifest weight of the evidence. Taylor was not prejudiced by the comments of the prosecutor as made during the course of closing argument. State v. Norman (Nov. 7, 2002), Cuyahoga App. No. 80702, 2002-Ohio-6043. Thus, appellate counsel was not ineffective upon appeal for failing to raise the issue of prejudicial comments that were made during the course of closing argument.
 {¶ 10} Taylor's second proposed assignment of error, in support of his claim of ineffective assistance of appellate counsel, is that: Defendant was denied due process of law when the court instructed on transferred intent which diminished the requirement of a specific intent to cause death.
 {¶ 11} Taylor, through his second proposed assignment of error, argues that the trial court erred by instructing the jury with regard to the issue of transferred intent. Contrary to Taylor's argument, the trial court did not err by instructing the jury with regard to the doctrine of transferred intent. The evidence introduced during the course of trial clearly demonstrated that Taylor intended to harm one person, and as a result, accidently harmed another person. Taylor acted with the intent to kill. The trial court thus properly instructed the jury with regard to the doctrine of transferred intent. State v.Mullins (1992), 76 Ohio App.3d 633, 602 N.E.2d 769; State v. Norman
(Nov. 7, 2002), Cuyahoga App. No. 80702, 2002-Ohio-6043. Thus, Taylor's appellate counsel was not ineffective for failing to argue on appeal that the trial court's jury instruction with regard to the doctrine of transferred intent was defective.
 {¶ 12} Taylor's third proposed assignment of error, in support of his claim of ineffective assistance of appellate counsel, is that: Defendant was denied due process of law when the jury was given an impermissible and unconstitutional presumption.
 {¶ 13} Taylor, through his third proposed assignment of error in support of his claim of ineffective assistance of appellate counsel, argues that the trial court improperly instructed the jury with regard to the use of a dangerous weapon. Contrary to Taylor's argument, the trial court properly instructed the jury with regard to the use of a deadly weapon during the commission of a criminal offense. State v. Jackson
(Apr. 20, 2000), Cuyahoga App. No. 80702. Taylor's appellate counsel was not ineffective for failing to raise on appeal the issue of the trial court's jury instruction with regard to the use of a dangerous weapon.
 {¶ 14} Taylor's fourth proposed assignment of error, in support of his claim of ineffective assistance of appellate counsel, is that: Defendant was denied effective assistance of counsel when counsel did not request an instruction of involuntary manslaughter.
 {¶ 15} Taylor, through his fourth proposed assignment of error, argues that appellate counsel was ineffective upon appeal for failing to raise the issue of ineffective assistance of trial counsel. Specifically, Taylor argues that trial counsel was ineffective upon appeal for failing to request a jury instruction with regard to the lesser-included offense of involuntary manslaughter.
 {¶ 16} The Supreme Court of Ohio, in State v. Griffie (1996),74 Ohio St.3d 332, 658 N.E.2d 764, held that the decision to request a jury instruction with regard to a lesser-included offense is a matter of trial strategy and does not constitute ineffective assistance of trial counsel. See, also, State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227,66 L.Ed.2d 102. It must also be noted that a defendant is not entitled to an instruction on a lesser-included offense if participation in the charged wrongdoing is denied. State v. Reider (Aug. 3, 2000), Cuyahoga App. No. 76649.
 {¶ 17} During the course of trial, Taylor's strategy involved a complete denial of participation in any conduct which resulted in the death of the victim. The trial strategy employed by Taylor's counsel prevented any request for a jury charge with regard to the lesser-included offense of involuntary manslaughter. State v. Reider, supra. Thus, trial counsel was not ineffective during the course of trial and appellate counsel was not required to raise the issue upon appeal to this court.
 {¶ 18} Having found that the four proposed assignments of error lack merit, we find that Taylor has failed to establish the claim of ineffective assistance of appellate counsel. Accordingly, we decline to grant Taylor's application for reopening as made pursuant to App.R.26(B).
Application denied.
MICHAEL J. CORRIGAN, P.J., and FRANK D. CELEBREZZE, JR., J., concur.