JOURNAL ENTRY AND OPINION
Sundiata Langford has filed a timely application for reopening pursuant to App.R. 26(B). Langford seeks to reopen the appellate judgment that was rendered by this court in State v. Langford, Cuyahoga App. No. 80753, 2003-Ohio-159, which affirmed his conviction for the offense of murder with a firearm specification. We decline to reopen Langford's appeal.
The Supreme Court of Ohio, in State v. Smith, 95 Ohio St.3d 127,766 N.E.2d 588, 2002-Ohio-1753, has once again examined the standards that must be applied to an application for reopening as brought pursuant to App.R. 26(B). In Smith, the Supreme Court of Ohio specifically held that:
"Moreover, to justify reopening his appeal, Smith `bears the burden ofestablishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.' Statev. Spivey, 84 Ohio St.3d at 25, 701, N.E.2d 696.
"Strickland charges us to `appl[y] a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to `indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' Id. at 689,104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes (1983),463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987; State v. Sanders (2002),94 Ohio St.3d 150, 761 N.E.2d 18." State v. Smith, 95 Ohio St.3d 127,766 N.E.2d 588, 2002-Ohio-1753, at ¶ 7.
Herein, Langford argues that appellate counsel was ineffective upon appeal as a result of failing to argue that trial counsel was deficient vis-a-vis the refusal to request a jury instruction with regard to the lesser included offenses of voluntary manslaughter or involuntary manslaughter. The Supreme Court of Ohio, in State v. Griffie (1996),74 Ohio St.3d 332, 658 N.E.2d 764, held that the decision to request a jury instruction with regard to a lesser-included offense is a matter of trial strategy and does not constitute ineffective assistance of trial counsel. See, also, State v. Clayton (1980), 62 Ohio St.2d 45,402 N.E.2d 1189, certiorari denied (1980), 449 U.S. 879, 101 S.Ct. 227,66 L.Ed.2d 102. It must also be noted that a defendant is not entitled to an instruction on a lesser-included offense if participation in the charged wrongdoing is denied. State v. Reider (Aug. 3, 2000), Cuyahoga App. No. 76649.
During the course of trial, Langford's trial strategy involved a complete denial of any criminal activity, which resulted in the death of the victim. Langford's trial strategy prevented any request for a jury instruction with regard to the offenses of voluntary manslaughter or involuntary manslaughter. State v. Reider, supra. Thus, appellate counsel was not required to raise as error on appeal the alleged failure of trial counsel to request an instruction with regard to the offenses of voluntary or involuntary manslaughter. It must also be noted that the issues of ineffective assistance of trial counsel and defective jury instructions were raised and found to be without merit through Langford's original appeal. Further review of these issues is barred through the application of the doctrine of res judicata. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204. See, also, State v Dehler (1995),73 Ohio St.3d 307, 652 N.E.2d 987; State v. Terrell (1995),72 Ohio St.3d 247, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
Accordingly, we decline to reopen Langford's application for reopening.
Application denied.
MICHAEL J. CORRIGAN, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.