JOURNAL ENTRY AND OPINION.
{¶ 1} Charles E. Wellman, Jr., the applicant, has filed an application for reopening pursuant to App.R. 26(B). Wellman is attempting to reopen the appellate judgment that was rendered by this court in Statev. Wellman (May 18, 2000), Cuyahoga App. No. 76219, which affirmed his conviction for the offense of rape (R.C. 2907.02(A)) and the classification of a sexual predator, but reversed the conviction for the offense of felonious sexual penetration (R.C. 2907.12). For the following reasons, we decline to reopen Wellman's appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), Wellman must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment which is subject to reopening." See, also, State v. Cooey (1995),73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick (1995),72 Ohio St.3d 88, 647 N.E.2d 784. Herein, Wellman is attempting to reopen the appellate judgment that was journalized on May 30, 2000. Wellman's application for reopening, however, was not filed until June 16, 2003, more than ninety days after journalization of the appellate judgment which affirmed his conviction for the offense of rape and the classification as a sexual predator. Wellman has failed to demonstrate "a showing of good cause" for the untimely filing of his application for reopening. Thus, Wellman's application for reopening is fatally defective and must be summarily denied. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammell
(July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 317.
 {¶ 3} Notwithstanding the fact that Wellman's application for reopening is untimely filed, a review of his supporting brief fails to support the claim of ineffective assistance of appellate counsel.
 {¶ 4} The Supreme Court of Ohio, in State v. Smith,95 Ohio St.3d 127, 766 N.E.2d 588, 2002-Ohio-1753, has once again examined the standards that must be applied to an application for reopening as brought pursuant to App.R. 26(B). In Smith, the Supreme Court of Ohio specifically held that:
"Moreover, to justify reopening his appeal, Smith `bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.' Statev. Spivey, 84 Ohio St.3d at 25, 701 N.E.2d 696.
"Strickland charges us to `appl[y] a heavy measure of deference to counsel's judgments,' 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to `indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' id. at 689,104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance. See Jones v. Barnes (1983),463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987; State v. Sanders (2002),94 Ohio St.3d 150, 761 N.E.2d 18."
State v. Smith, 95 Ohio St.3d 127, 766 N.E.2d 588, 2002-Ohio-1753, at 7.
 {¶ 5} Wellman, through his brief in support of his application for reopening, essentially argues that appellate counsel was ineffective upon appeal by failing to raise the issue of ineffective assistance of trial counsel vis-a-vis the introduction of hearsay testimony. The issue of ineffective assistance of trial counsel was previously raised and found to be without merit through Wellman's original appeal. The doctrine of res judicata bars any further review of the claim of ineffective assistance of trial counsel. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204; State v. Bluford (Dec. 9, 1999), Cuyahoga App. No. 75228, reopening disallowed (May 31, 2000), Motion No. 15241; State v.Bugg (Oct. 12, 1999), Cuyahoga App. No. 74747, reopening disallowed (Apr. 7, 2000), Motion No. 13465. In addition, Wellman has not delineated, with any specificity, the issue of hearsay testimony and has thus failed to establish that there exists a "genuine issue" as to whether he possesses a "colorable claim" of ineffective assistance of appellate counsel. Strickland v. Washington, supra; State v. Spivey, supra.
 {¶ 6} Finally, the affidavit attached to Wellman's application for reopening fails to comply with App.R. 26(B)(2)(d) which requires the following:
"(D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record;"
 {¶ 7} Wellman, through his affidavit as attached to the application for reopening, states that his appellate counsel was ineffective by failing to raise various claimed errors. Wellman, however, has failed to state how appellate counsel was deficient. Wellman also fails to state how any claimed deficiency prejudiced the outcome of his appeal. State v. Saade (Aug. 7, 2003), Cuyahoga App. Nos. 80705 and 80706.
 {¶ 8} Accordingly, we decline to reopen Wellman's appeal and deny his application for reopening as brought pursuant to App.R. 26(B).
ANNE L. KILBANE, P.J., and DIANE KARPINSKI, J., concur.