OPINION
{¶ 1} This Court is re-opening appellant's case in order to consider the pro se motion filed by appellant Jason Harris to re-open his direct appeal pursuant to App. R. 26(B). Appellee State of Ohio has not filed a response.
 {¶ 2} On June 2, 2008, this Court upheld appellant's convictions and sentences on one count of felonious assault, a felony of the second degree, with a firearm specification, one count of domestic violence, a felony of the third degree, and on one count of having a weapon under disability, a felony of the third degree. See, State v. Harris, Fifth Dist. No. 2007CA0059, 2008-Ohio-2681.
App. R. 26 (B) states:
 {¶ 3} (B) Application for reopening:
 {¶ 4} (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing later.
 {¶ 5} (2) An application for reopening shall contain all of the following:
 {¶ 6} (a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;
 {¶ 7} (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
 {¶ 8} (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by *Page 3 
any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
 {¶ 9} (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 10} (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.
 {¶ 11} "The provisions of App. R. 26(B) were specifically designed to provide for a specialized type of postconviction process. The rule was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate-counsel claims beyond the opportunities that exist through traditional motions for reconsideration and discretionary appeals to our court or the Supreme Court of the United States."Morgan v. Eads, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 8.
 {¶ 12} "App. R. 26(B) creates a special procedure for a thorough determination of a defendant's allegations of ineffective assistance of counsel. The rule creates a separate forum where persons with allegedly deficient appellate counsel can vindicate their rights. A substantive review of the claim is an essential part of a timely filed App. R. 26(B) application." State v. Davis (Sept. 18, 2008), Ohio Sup. Ct. No. 2007-0325, 2008-Ohio-4608 at ¶ 19-21; 26. *Page 4 
 {¶ 13} Our original judgment was filed on June 2, 2008, and appellant's application was filed August 27, 2008. Accordingly, appellant's application was timely filed within ninety (90) days of the journalization of our opinion in appellant's case.
 {¶ 14} In his present motion to re-open, appellant maintains he received ineffective assistance of appellate counsel on direct appeal. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case ofState v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 15} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, both trial counsel, or appellate counsel. State v. Turner, Licking App. No. 2006-CA-123, 2007-Ohio-4583; State v. Godfrey (Sept. 2, 1999), Licking App. No. 97CA0155.
 {¶ 16} Appellant bears the burden of establishing there is a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel, see, e.g. State v. Spivey 84 Ohio St. 3d 24,1998-Ohio-704, 701 NE 2d 696. *Page 5 
 {¶ 17} Appellant contends that his appellate counsel, on direct appeal, was ineffective for failing to raise the assignment of error of ineffective assistance of trial counsel. Appellant's arguments focus on four areas.[1]
 {¶ 18} Appellant first contends that the trial court did not rule on his motion to dismiss the indictment based upon a violation of his right to a speedy trial prior to trial.
 {¶ 19} The record reflects that the trial court did overrule appellant's motion to dismiss prior to trial. (1T. at 116). Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v.Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 20} Appellant next argues that his appellate counsel was ineffective in failing to argue ineffective assistance of trial counsel for failure to transmit parts of the record to demonstrate that trial did not take place on December 4, 2006 because "there were no subpoenas that was [sic] issued for that date and the transcript of the proceedings do not exist for that date."
 {¶ 21} The record establishes that the trial did not go forward on December 4, 2006 because the appellant had absconded. On November 28, 2006, the trial judge issued a bench warrant for appellant for failing to appear. On December 18, 2006, appellant was arrested on that warrant.
 {¶ 22} Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753. *Page 6 
 {¶ 23} Appellant next argues that trial counsel should have moved for a Crim. R. 29 motion for acquittal because the victim failed to appear for the preliminary hearing, and further for not moving to dismiss under R.C. 2945.73 when the preliminary hearing did no take place within ten days.
 {¶ 24} Appellant has not provided this Court with any affidavits or evidentiary quality material to establish either of his claims.
 {¶ 25} In any event, on the date originally scheduled for appellant's preliminary hearing in Mansfield Municipal Court, Case Number 2006CRA02126, appellant's attorney filed a motion to withdraw as counsel, which was granted by the trial court.
 {¶ 26} Crim. R. 5(B) permits an extension of the ten-day time limit for conducting a preliminary hearing with the consent of the defendant, or if he does not consent, "upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Nothing in the record suggests that appellant waived his right to counsel at the preliminary hearing. Accordingly, extraordinary circumstances existed and that delay was indispensable to the interests of justice.
 {¶ 27} For that reason, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 28} Appellant next argues that he did not agree to set the case for a change of plea hearing and, further that he told trial counsel not to file any motions on his behalf.
 {¶ 29} "A defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the *Page 7 
defendant is bound by the waiver even though the waiver is executed without his consent." State v. McBreen (1978), 54 Ohio St.2d 315,376 N.E.2d 593 at syllabus; See also, State v. McRae (1978),55 Ohio St.2d 149, 378 N.E.2d 476.
 {¶ 30} The Ohio Supreme Court has stated, "[w]e will ordinarily refrain from second-guessing strategic decisions counsel makes at trial, even where counsel's trial strategy was questionable. State v.Clayton (1980), 62 Ohio St. 2d 45, 49, 16 O.O.3d 35, 402 N.E.2d 1189."State v. Myers (2002), 97 Ohio St.3d 335, 362, 780 N.E.2d 186, 217.
 {¶ 31} For that reason, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 32} Finally, appellant contends that the trial court did not enter the fact that he failed to appear in the record.
 {¶ 33} The trial court entered appellant's failure to appear by Docket Entry's filed November 28, 2006 and November 30, 2006. Further, on November 28, 2006, the trial judge issued a bench warrant for appellant for failing to appear.
 {¶ 34} For that reason, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127, 2002-Ohio-1753. *Page 8 
 {¶ 35} For the foregoing reasons, appellant's motion to re-open his appeal is hereby DENIED.
 Gwin, J., Hoffman, P.J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's motion to re-open his appeal is hereby DENIED. Costs to appellant.
[1] We note that appellant had not provided in support of his application any parts of the record or supplemental affidavits. *Page 1