[Cite as *State v. Banks*, 2013-Ohio-255.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97299**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIE BANKS

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-545495
Application for Reopening
Motion No. 457724

**RELEASED:** January 25, 2013

**FOR APPELLANT**

Willie Banks, pro se
Inmate No. 604-615
Lorain Correctional Institution
2075 S. Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Denise J. Salerno
        James M. Price
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

**{¶1}** Willie Banks has filed a timely application for reopening pursuant to App.R. 26(B). Banks is attempting to reopen the appellate judgment that was rendered in *State v. Banks*, 8th Dist. No. 97299, 2012-Ohio-2304, which affirmed his conviction for the offenses of trafficking in drugs with a juvenile specification (R.C. 2925.03(A)(2) and R.C. 2925.01(BB)), possession of drugs (R.C. 2925.11(A)(1)), endangering children (R.C. 2919.22(A)(1)), possessing criminal tools (R.C. 2923.24(A)(1)), and tampering with records (R.C. 2913.42(A)(1)). We decline to reopen the appellate judgment that was journalized on May 24, 2012.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Banks must demonstrate that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Banks must establish that "there is a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶3}** In *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, the Supreme Court of Ohio held that:

> Moreover, to justify reopening his appeal, [applicant] "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 25, 1998-Ohio-704,701 N.E.2d 696.
>
> *Strickland* charges us to "appl[y] a heavy measure of deference to counsel's judgments," 466 U.S. at 691, 104 S.Ct. 2052, 80 L.Ed.2d 674, and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Id. at 689, 104 S.Ct. 2052, 80

L.Ed. 674.  Moreover, we must bear in mind that appellate counsel need not raise every possible issue in order to render constitutionally effective assistance.  See *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct 3308, 77 L.Ed.2d 987 (1983); *State v. Sander*, 94 Ohio St.3d 150, 761 N.E.2d 18 (2002).

*State v. Smith*, *supra*, at 7.

{¶4} In addition, the Supreme Court of Ohio, in *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, held that:

In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed 674, is the appropriate standard to assess a defense request for reopening  under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful.  Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id*.

{¶5} Herein, Banks has raised two proposed assignments of error in support of his claim of ineffective assistance of appellate counsel.  Banks argues that consideration of his two proposed assignments of error would have resulted in a reversal of his conviction for the offenses of  trafficking in drugs with a juvenile specification, possession of drugs, endangering children, possessing criminal tools, and tampering with records.  A review of Banks's two proposed assignments of error, however, fails to support the claim of ineffective assistance of appellate counsel.

{¶6} Banks's first assignment of error is that:

The evidence was insufficient and against the manifest weight, as a matter of law, to convict Willie Banks of  Drug Trafficking.

{¶7} Banks, through his first proposed assignment of error, argues the issues of manifest weight and sufficiency of the evidence with regard to his conviction for the offense of trafficking in drugs. We find that Banks's conviction for the offense of trafficking in drugs was supported by sufficient evidence and that his conviction was not against the manifest weight of the evidence.

{¶8} Sufficiency of the evidence and weight of the evidence are legally distinct issues. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. This court, when reviewing the issue of sufficiency of the evidence, must examine the evidence adduced at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Thus, this court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*; *State v. Robinson*, 162 Ohio St. 486, 124 N.E.2d 148 (1955).

{¶9} Whereas sufficiency requires a determination of whether the prosecution has meet its burden of proof beyond a reasonable doubt as to each and every element of the crime charged, manifest weight questions whether the state has met its burden of persuasion. *Thompkins*; *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist. 1983). When reviewing a manifest weight challenge, the court must review the record, weigh the evidence and all reasonable inferences, examine the credibility of the witnesses, and determine whether, in resolving conflicts, if the jury or trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

a new trial ordered. *Tibbs v. Florida*, 457 U.S. 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In other words, the question raised through a manifest weight issue is whether there is substantial evidence upon which a jury could conclude that all elements of the charged crime have been proven beyond a reasonable doubt. *State v. Getsy*, 84 Ohio St.3d 180, 702 N.E.2d 866 (1998), citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978). In addition, finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. *State v. Dowell*, 8th Dist. No. 83575, 2004-Ohio-3870.

{¶10} Herein, the evidence adduced at trial clearly demonstrated, beyond a reasonable doubt, that Banks did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, a controlled substance, crack cocaine, when he knew or had reasonable cause to believe that the crack cocaine was intended for sale or resale, a violation of R.C. 2925.03(A)(2). The evidence adduced at trial demonstrated that: (1) Banks was sitting in a motor vehicle parked in the lot of a vacant gas station located at the corner of Woodhill Road and Woodland Avenue; (2) a Confidential Reliable Informant ("CRI") recognized the parked motor vehicle as the van used by Banks when selling drugs in the Woodhill Estates neighborhood; (3) the CRI contacted Detective Ovalle of the Cleveland Metropolitan Housing Authority ("CMHA") and provided information that Banks was parked across the street from CMHA property; (4) Det. Ovalle and another CMHA detective located the van and observed Banks enter and exit the van on several occasions; (5) Det. Ovalle approached the van and asked Banks to identify himself; (6)

Banks identified himself as "Tyrone Banks" and provided a birth date and social security number; (7) the other detective went to the passenger side of the van and observed Martina Jackson holding a baby, two other young children, suspected crack cocaine, and a scale all in plain view; (8) Banks and Jackson were informed of their *Miranda* rights; (9) Banks admitted that the crack cocaine was his property and provided a written statement; (10) in the written statement, Banks admitted that he purchased the crack cocaine for $2,000 and that of the $345 in his possession, $100 was drug money; (11) Jackson confirmed that the crack cocaine belonged to Banks and also made a written statement; (12) 51.25 grams of crack cocaine and a digital scale were recovered from Banks's van; (13) at trial, Jackson testified that she was with her three children and Banks in the van the day of the arrest; (14) Jackson testified that Banks had made one sale of crack cocaine prior to their arrest; and (15) Jackson testified that the crack cocaine belonged to Banks.

{¶11} Based upon the evidence and testimony adduced at trial, we find that sufficient evidence was produced by the prosecution to support each and every element of the charged offense of trafficking in drugs. In addition, we find that the conviction for trafficking in drugs was not against the manifest weight of the evidence. Banks's first assignment of error is without merit and thus does not support his claim of ineffective assistance of appellate counsel on appeal.

{¶12} Banks's second proposed assignment of error is that:

Appellant's counsel was ineffective for failing to show that Mr. Banks's initial contact with police was non-consensual.

{¶13} Banks, through his second proposed assignment of error in support of his

claim of ineffective assistance of counsel, argues that the initial encounter with the CMHA police was not a consensual encounter and thus a violation of the Fourth Amendment. The issue of whether the initial contact with Banks was consensual was previously addressed on appeal, and found to be without merit. In *State v. Banks*, *supra*, this court held that:

> The Fourth Amendment to the United States Constitution prohibits warrantless searches, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). An investigative stop, or *Terry* stop [*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)], is a common exception to the Fourth Amendment warrant requirement. It is well recognized that officers may briefly stop and detain an individual, without an arrest warrant and probable cause, in order to investigate a reasonable and articulable suspicion of criminal activity. *State v. Carroll*, 8th Dist. No. 96212, 2011-Ohio-5255, ¶ 16, citing *Terry*. * * *
>
> The record shows that Banks was parked in the parking lot of a vacant gas station having work done on his vehicle. The police received a tip from a CRI and went to the area. The police surveilled the area for several minutes and observed Banks getting in and out of the van several times and also saw another man working on the van. Detective Ovalle approached Banks on foot and asked him a few questions, which Banks answered. Once the other detective saw the suspected drugs and scale in plain view, he and his partner read Banks and Jackson their rights and continued to question him. Although a formal arrest is not necessary to trigger the protections of the Fourth Amendment, here, *Banks is unable to show that his initial contact with police was non-consensual*. (Emphasis added).

*Banks*, *supra*, ¶13.

{¶14} Clearly, this court has previously determined that Bank's initial contact with the police was consensual and that his Fourth Amendment rights were not violated through the initial stop and questioning. Thus, the doctrine of res judicata bars any further litigation of the question of whether Banks's initial contact with police was

non-consensual. *State v. Segines*, 8th Dist. No. 89915, 2010-Ohio-5112, *reopening disallowed*, 2011-Ohio-1579, Motion No. 441247; *State v. Pratt*, 8th Dist. No. 93123, 2010-Ohio-1426, *reopening disallowed*, 2010-Ohio-4998, Motion No. 434932. Banks's second proposed assignment of error is without merit and thus does not support his claim of ineffective assistance of appellate counsel on appeal.

{¶15} Accordingly Banks's application for reopening is denied.

_____
LARRY A. JONES, SR., PRESIDING   JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR