[Cite as *State v. Croom*, 2014-Ohio-1945.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 12 MA 54 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| STANLEY CROOM, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:     Application for Reconsideration; Application
                              for Reopening.


JUDGMENT:                     Application for Reconsideration Dismissed;
                              Application for Reopening Denied.


APPEARANCES:
For Plaintiff-Appellee:       Attorney Paul Gains
                              Prosecuting Attorney
                              Attorney Ralph Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio 44503


For Defendant-Appellant:      Attorney Fred Middleton
                              1717 Superior Building
                              815 Superior Avenue, East
                              Cleveland, Ohio 44114-2702


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Mary DeGenaro


                              Dated: May 1, 2014

PER CURIAM:

¶{1} On December 13, 2013, this court affirmed appellant's convictions of aggravated robbery with a firearm specification and attempted aggravated murder with a repeat violent offender specification and reversed appellant's conviction of having a weapon while under disability due to the lack of strict compliance with the statutory test for waiving a jury trial on that offense.

¶{2} Appellant has obtained new counsel, who on March 13, 2014, filed what is captioned an "Application for Reconsideration or Application for Reopening Appeal per Appellate Rule 26." The application sets forth a proposed assignment of error claiming that appellant was denied effective assistance of counsel as appellate counsel failed to investigate, retrieve, and review exculpatory evidence that the prosecutor did not disclose during discovery. New counsel states that he has received from the state a video of a robbery of a different store for which appellant's co-defendant was charged in a different case. He states that the video shows a person wearing the same coat and gloves (that were key in appellant's case) in a robbery committed a few days prior to the robbery of which appellant was accused. It is stated that the video is being enhanced by a forensics firm for our review.

¶{3} In the direct appeal of his criminal conviction, appellant's counsel filed a hybrid brief containing four fully briefed assignments of error and then reviewing five assignments of error which counsel opined had no merit but which appellant had asked counsel to brief. A majority of this court disapproved of such a practice but addressed the five assignments as we had already administratively stated that we would. *State v. Croom*, 7th Dist. No. 12MA54, 2013-Ohio-5682, ¶ 134-174. *See also* Concurring Opinion (agreeing with the manner in which the proposed assignments were reviewed by the court but expressing disagreement with the majority's statement that the court would not address proposed assignments in hybrid briefs in the future).

¶{4} One of the proposed assignments that we addressed involved appellant's claim that the prosecution withheld exculpatory evidence in the form of the video regarding a different robbery with which his co-defendant was charged. *Id.* at ¶ 141-144. We specifically stated that appellant's claim on appeal concerned items

outside of the record, which cannot be addressed on appeal.  *Id.* at ¶146, citing *State v. Ishmail*, 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500 (1978).  We also stated, "There is no indication on the record of how a video of another robbery would exculpate appellant in the current offense where the victim identified him as the robber.  As such, counsel properly refrained from addressing this issue on direct appeal."  *Id.* at ¶ 148.

¶{5}   We thus released appellate counsel from his obligation regarding this assignment of error.  That is, we reviewed the issue as the purported *Anders* issue that it was, and we concluded that counsel was correct in opining that he was not required to fully brief the issue along with the merit issues that he did choose to raise.  New counsel is essentially asking us to reconsider that decision.  However, any reconsideration attempt is untimely as the clerk mailed the judgment and docketed the mailing on December 16, 2013.  *See* App.R. 26(A)(1)(a) (no later than ten days after the clerk has both mailed judgment and noted the mailing on the docket).

¶{6}   In any event, the application is expressly based upon ineffective assistance of appellate counsel, which involves reopening as opposed to reconsideration.  *See* App.R. 26(B)(1) ("A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel"), (B)(2)(c) (set forth one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits or that were considered on an incomplete record due to appellate counsel's deficient performance).  As a reopening application, appellant's filing was timely (filed on the last day).  *See* App.R. 26(B) (within ninety days of journalization of the appellate judgment).

¶{7}   In determining whether a defendant received ineffective assistance of appellate counsel, we ask whether there exists deficient performance falling below an objective standard of reasonableness and prejudice in that there is a reasonable probability the result of the appeal would have been different but for serious error.  *See State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10-11, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Appellant has the burden of demonstrating a "genuine issue" as to

whether he has a "colorable claim" of ineffective assistance of appellate counsel. *Id.* at ¶ 11.

**¶{8}** Appellate counsel has discretion to choose the errors to be assigned and need not raise every possible issue in order to render constitutionally effective assistance. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 7, citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Attempting to brief too many issues in the limited page allowance can result in a dilution of the force of the stronger arguments. *Jones*, 463 U.S. at 751-752 ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal"). Counsel's judgments are entitled to strong deference as there is a wide range of reasonable professional assistance. *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶ 8.

**¶{9}** As appellant states, the failure to disclose evidence that is favorable to the accused and material either to guilt or to punishment is a violation of due process. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 27, quoting *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This type of evidence is material only if there exists a reasonable probability that the result of the trial would have been different had the evidence been disclosed. *Id.*, citing *Kyles v. Whitley*, 514 U.S. 419, 433-434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

**¶{10}** However, this court cannot employ this test to review the allegedly exculpatory evidence in the context of appellant's direct appeal. It is well-established that appellate counsel cannot add matter to the record on appeal that was not part of the trial court record as the reviewing court is limited to what transpired in the trial court as reflected in that record. *Ishmail*, 54 Ohio St.2d at 404-406, syllabus at ¶ 1.

**¶{11}** Thus, a claim requiring such proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *See id.; State v. Hartman*, 93 Ohio St.3d 274, 299, 754 N.E.2d 1150 (2001) (if establishing ineffective assistance of counsel requires proof outside the record, then such claim is not appropriately considered on direct appeal); *State v. Keith*, 79 Ohio St.3d 514, 536, 684 N.E.2d 47 (1997) (if claim regarding failure to present mitigation evidence requires the generation or consideration of evidence outside the record, it cannot be raised on direct appeal).

*See also State v. Adams*, 7th Dist. No. 08MA246, 2012-Ohio-2719, ¶ 67-68 (evidence de hors the record cannot be added on appeal and thus appellate counsel was not ineffective in failing to brief an issue that required evidence outside of the record); *State v. Irwin*, 7th Dist. No. 11CO6, 2012-Ohio-2704, ¶ 97 ("While evidence may exist outside the record to support an appellant's contention of ineffective assistance, a direct appeal is not the proper place to present this evidence.").

¶{12} More specifically, if an allegation that the state failed to provide exculpatory evidence is a matter outside the trial record, it is not a basis for reopening the direct appeal on the theory that appellate counsel rendered ineffective assistance in failing to raise that issue. *See State v. McGrath*, 8th Dist. No. 77896, 2002-Ohio-2386, ¶ 21-23, 28. *State v. Broadbeck*, 10th Dist. No. 08AP-134, 2009-Ohio-2594, ¶ 16 (where report is not part of a trial record, applicant for reopening cannot argue appellate counsel was ineffective for failing to add the new matter to the record and raised new issues revealed by this newly added material), citing *State v. Hooks*, 92 Ohio St.3d 83, 83-84, 748 N.E.2d 528 (2001).

¶{13} As a result, even if the video contained exculpatory evidence, this court could not review that evidence in the direct appeal as it was not part of the record below. *See id.; State v. West*, 8th Dist. Nos. 97498, 97899, 2014-Ohio-198, ¶12-13 (and stating that such *Brady* claims must be pursued in the trial court in the first instance); *State v. Wood*, 2d Dist. No. 2006CA1, 2007-Ohio-1027, ¶ 39 (even if medical records contained exculpatory evidence, appellate court cannot add matter to the record); *State v. Martin*, 151 Ohio App.3d 605, 2003-Ohio-735, ¶ 53 (3d Dist.).

¶{14} Therefore, appellate counsel was not ineffective for failing to obtain, forensically enhance, and provide this court with an allegedly exculpatory video from a different robbery involving a different suspect resulting in a different indictment because it was a matter outside of the record. *See id.; State v. McNeal*, 8th Dist. No. 77977, 2002-Ohio-4764, ¶ 12 (if an argument relies on a matter outside of the trial record, it would have been inappropriate for appellate counsel to assign it as error); *State v. Wheatt*, 8th Dist. No. 70197 (Jan. 31, 2002) (reopening denied as exculpatory evidence and additional testimony were outside of the record of trial, and thus it would

have been inappropriate for appellate counsel to have assigned error with respect to this issue).

¶{15} Again, the prohibition on submitting additional material to the appellate court in the direct appeal is well-established: "a bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 42, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13. Appellate counsel was not ineffective for refusing to act counter to this principle.

¶{16} Accordingly, appellant's application for reconsideration is dismissed as untimely. Appellant's application for reopening is denied on the ground that appellate counsel was not ineffective for refusing to brief an argument which relies on evidence outside of the trial court record.

Vukovich, J., concurs.
Donofrio, J., concurs.
DeGenaro, J., concurs.